IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

ANTHONY D. SMELSER,

     Petitioner,

v.                                    CIVIL ACTION NO. 5:02-1329

TROY WILLIAMSON, Warden,

     Respondent.

MEMORANDUM OPINION AND ORDER

     By Standing Order entered on May 20, 2002, and filed in this case on November 8, 2002, this matter was referred to United States Magistrate Judge R. Clarke VanDervort.  Pursuant to 28 U.S.C. § 636(b)(1)(B), the Standing Order directs Magistrate Judge VanDervort to submit proposed findings and recommendation concerning the disposition of this matter.  Magistrate Judge VanDervort submitted his Proposed Findings and Recommendation on November 19, 2002, and proposed that this court (1) confirm and accept the Magistrate Judge's findings contained within his Proposed Findings and Recommendation, (2) conclude that the district court lacks jurisdiction to consider the issues presented in petitioner's application, (3) dismiss petitioner's application without prejudice, and (4) direct the Clerk to remove this matter from the court's docket.

     In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted ten days, plus three mailing days, in which to file any objections to Magistrate Judge VanDervort's Proposed

Findings and Recommendation.  The failure of any party to file objections within the appropriate time frame constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985).  Moreover, this court need not conduct a de novo review when a petitioner "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

Here, petitioner timely filed objections to the Magistrate Judge's Proposed Findings and Recommendations on December 4, 2002. In his objections, petitioner notes that his petition should be considered under 28 U.S.C. § 2241 instead of 28 U.S.C. § 2255 because his remedy is barred by the one-year procedural limitation included in § 2255.

Regarding petitioner's objection, the magistrate judge correctly found that petitioner cannot bring a barred claim that would be barred by the limitations included in § 2255 as a claim under 28 U.S.C. § 2241.  The fact that relief under § 2255 is time-barred does not render the remedy of § 2255 inadequate or ineffective.  See In re Jones, 226 F.3d 328, 332-33 (4th Cir. 2000); Young v. Conley, 128 F. Supp. 2d 354, 357 (S.D. W. Va. 2001).  The magistrate judge was correct in concluding that petitioner's petition must be either dismissed because it was filed under the incorrect statute or construed under

-2-

§ 2255, and dismissed because it is barred by the time limitations contained in that statute.  See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).  Further, the court declines petitioner's request to transfer this case to the Eastern District of Tennessee.

Having reviewed the Findings and Recommendation filed by Magistrate Judge VanDervort, the court (1) CONFIRMS and ACCEPTS the factual and legal analysis within the magistrate judge's Proposed Findings and Recommendation, (2) CONCLUDES that this court lacks jurisdiction to hear this case, (3) DISMISSES petitioner's application without prejudice (Docket No. 1), and (4) DIRECTS the Clerk to remove this matter from the active docket of the court.

The Clerk is directed to remove this action from the active docket of this court.  The Clerk is further directed to forward a certified copy of this Memorandum Opinion and Order to all counsel of record and the plaintiff, pro se.

IT IS SO ORDERED this 8th day of November, 2005.

ENTER:

David A. Faber
Chief Judge

–3–